1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

C.F., et al.,

          Plaintiffs,

    v.

SAN LORENZO UNIFIED SCHOOL
DISTRICT,

          Defendant.

Case No.  16-cv-01852-RS

**ORDER APPROVING MINOR'S
COMPROMISE**

## I.     INTRODUCTION

Plaintiff Catrina Childs-Fong, individually, and as the guardian ad litem of her minor son,
C.F., has filed a petition to approve compromise of the claims.  Childs-Fong initiated claims
arising under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*
after defendant San Lorenzo Unified School District ("the District") deemed C.F. ineligible to
receive special education services and support.  Since initiating this action, the parties have
engaged in settlement negotiations and reached an agreement to resolve the plaintiffs' claims.
This court has a duty to ensure the terms of the compromise serve C.F.'s best interest and are fair
and reasonable.  Because the parties' compromise is fair and reasonable, the petition of approval
will be granted.

## II.     BACKGROUND

Doctors have diagnosed seven-year-old C.F. with Attention Deficit Hyperactivity
Disorder, Dyslexia, and Specific Learning Disability.  Before entering pre-school, the District

1   tested C.F. and concluded he had certain deficits, which required placing him in a restrictive

2   special class setting.  While he was in the program, teachers noted C.F.'s lack of attention and

3   focus.

4          Before C.F. entered kindergarten, Childs-Fong asked the District to perform special

5   education testing.  Although the District complied, at the end of the assessment, it concluded C.F.

6   was ineligible to receive special education services.  Plaintiffs contend the District's assessments

7   were inadequate for a variety of reasons and therefore requested independent psychoeducational

8   and academic evaluations and a hearing with an Administrative Law Judge.  The ALJ affirmed the

9   District's conclusion that C.F. was ineligible for special education services, and plaintiffs timely

10  filed this action.

11         In May 2016, while this action was pending, the District reevaluated C.F. and concluded

12  he is eligible to receive special education services.  In the meantime, plaintiffs and the District

13  engaged in informal settlement negotiations which ultimately bore fruit:  the parties reached a

14  global settlement agreement and proposed release.

15                         III.   **LEGAL STANDARD**

16         Federal Rule of Procedure 17(c) requires district courts to take special care to safeguard the

17  interests of minor litigants.[1]  *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  To that

18  end, Rule 17(c) obliges district courts to conduct an independent "inquiry to determine whether

19  the settlement serves the best interests of the minor."  *Id.* (internal quotation marks omitted).

20  Accordingly, when evaluating a proposed settlement of minors' claims, district courts "must

21  consider whether the proposed settlement is fair and reasonable as to each minor plaintiff."

22                         IV.   **DISCUSSION**

23

24  [1] In the petition for approval, plaintiffs refer to California Rule of Order 7.950; however, Federal
    Rule of Civil Procedure 17(c) governs how district courts must evaluate compromises of minor's
25  *federal* claims.  *See Robidoux v. Rosengren*, 638 F.3d 1177, 1179 n.2, 1181 (9th Cir. 2011) (noting
    district courts had often applied state and local rules when evaluating minor's compromises, but
26  that district courts must instead follow the federal rules when evaluating the reasonableness of an
27  agreement resolving minors' federal claims).

28                                    ORDER APPROVING MINOR'S COMPROMISE
                                      CASE NO.  16-cv-01852-RS

2

In exchange for dismissal of the action, the District has agreed to pay $65,000 into a trust account administered by ADAMS ESQ. for C.F.'s benefit to provide educationally related services, to compensate him for lost educational benefit, and to pay attorney fees and costs. $10,000 of the total fund will go to provide C.F. with educational services.  Plaintiffs and their counsel entered into a written fee agreement and agreed the attorneys will receive $55,000 of the $65,000 fund.  Although counsel's fees to date exceed $55,000, plaintiff's attorneys have agreed to waive any fees and costs in excess of this amount.

As C.F.'s guardian ad litem, Childs-Fong believes the settlement agreement and allocation of attorney fees is fair and reasonable.  From the outset, the primary goal of this action was to ensure C.F. received the special education services he needs.  The District has agreed to provide those services and to compensate C.F. for any educational opportunities he lost while this litigation was ongoing.  The settlement reflects a fair and reasonable compromise intended for C.F.'s benefit, and therefore the compromise will be approved.

## V.    CONCLUSION

The minor's compromise is fair and reasonable, and therefore the petition for approval is granted.

**IT IS SO ORDERED**.


Dated:  August 29, 2016

_____
RICHARD SEEBORG
United States District Judge